**Jeton SPAHIU, Petitioner,**

v.

**Alberto GONZALES, Attorney General, Respondent.**

No. 06–0891–ag.

United States Court of Appeals, Second Circuit.

Sept. 25, 2006.

Robert J. Pures II, Christophe & Associates, P.C., New York, N.Y., for Petitioner.

Donald J. DeGabrielle, Jr., United States Attorney for the Southern District of Texas, Daniel David Hu, Assistant United States Attorney, Houston, TX, for Respondent.

PRESENT: Hon. ROBERT D. SACK, Hon. ROBERT A. KATZMANN and Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Petitioner Jeton Spahiu, a native of the former Yugoslavia and citizen of the former state of Serbia–Montenegro, seeks review of a January 30, 2006 order of the BIA affirming the September 21, 2004 decision of Immigration Judge ("IJ") Sandy K. Hom denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jeton Spahiu,* No. A95 102 158 (B.I.A. Jan. 30, 2006), *aff'g* No. A95 102 158 (Immig. Ct. N.Y. City Sept. 21, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where the BIA adopts and affirms the IJ's decision, with minor modifications and additional explanation, we review the IJ's decision as modified and supplemented by the BIA. *See Yu Yin Yang v. Gonzales,* 431 F.3d 84, 85 (2d Cir.2005); *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). We review *de novo* the agency's conclusions of law, as well as its application of law to particular facts.

*See Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

■ Substantial evidence supports the agency's finding that Spahiu's testimony concerning his alleged arrest in June 1999 was not credible. In his application, he simply wrote that he was threatened, pressured, and released, whereas he testified that he was also beaten on the head with "rifles ... and pistols," and that he received injuries severe enough to require medical treatment. Because this beating was his only allegation of personal physical harm, the IJ and BIA reasonably found that the omission impaired his credibility with respect to that allegation.

■ We agree with the BIA that the remainder of Spahiu's testimony failed to allege harm rising to the level of persecution. During the 1998–99 conflict, Spahiu and his family were forced to flee Kosovo, but were never targeted personally by the Serbs. Additionally, the harm that Spahiu experienced when an armed group of extremist Albanians allegedly detained and threatened him in July 2001 when he refused to join in on their mistreatment of an ethnic Serb was relatively minor and brief, and thus did not rise to the level of persecution. *See Ai Feng Yuan v. U.S. Dep't of Justice,* 416 F.3d 192, 198 (2d Cir.2005).

■ Because Spahiu failed to demonstrate that he has suffered past persecution, the BIA rightly declined to extend to him a presumption that he has a well-founded fear of future persecution. *See* 8 C.F.R. § 1208.13(b)(1). Moreover, substantial evidence supports the IJ's and BIA's determination that conditions in Kosovo have changed fundamentally since NATO intervened and the UN administration took over in 1999. The background materials indicate that inter-ethnic violence has been decreasing in recent years, and fail to support Spahiu's claim that the UN forces would not provide him with any protection from the Serbs or from extremist Albanians, or that he was likely to be persecuted on account of his support for the Democratic League of Kosovo. Spahiu admitted that his father, who was a full-fledged member of this party, continued to live in Kosovo and support the party without experiencing any harm. Given this evidence, the BIA's conclusion that Spahiu failed to demonstrate a well-founded fear of persecution based on his ethnicity or political opinion was reasonable.

Having failed to meet his burden of proof with respect to his asylum claim, Spahiu has necessarily failed to meet the higher burden necessary to succeed on his withholding of removal claim. *See, e.g., Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003) (per curiam). Finally, Spahiu's CAT claim also fails. Although Spahiu did not exhaust this claim by raising it before the BIA, *see* 8 U.S.C. § 1252(d)(1), we nonetheless have jurisdiction to address that claim because the BIA addressed it, thus excusing Spahiu's procedural lapse. *See Xian Tuan Ye v. Dep't of Homeland Security,* 446 F.3d 289, 296–97 (2d Cir.2006) (per curiam). Spahiu's CAT claim fails on the merits because, as the BIA found, he put forward no evidence to indicate that he, or someone in his particular alleged circumstances, was more likely than not to be tortured if returned to Kosovo. *See Islami v. Gonzales,* 412 F.3d 391, 398 (2d Cir.2005); *Mu–Xing Wang v. Ashcroft,* 320 F.3d 130, 143–44 (2d Cir.2003).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).